UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :
                                  :
        - v -                     :    INDICTMENT
                                  :
MICHAEL SCRONIC,                  :    18 Cr. 43
                                  :
                                  :
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - X

## COUNT ONE

(Securities Fraud)

The Grand Jury charges:

### BACKGROUND

1. Unless specified otherwise, at all times relevant to this Indictment:

   a. MICHAEL SCRONIC, the defendant, was a resident of Pound Ridge, New York. SCRONIC held a Master of Business Administration degree from the University of Chicago and a Bachelor's degree from Stanford University.

   b. From in or about April 2010 to in or about October 2017, SCRONIC managed an investment pool he called the Scronic Macro Fund (the "Fund") out of his home. He acted as the Fund's investment advisor and had sole trading authority over the Fund. SCRONIC represented to investors that he had

1

been employed as a professional trader at a large investment bank and thereafter had made a living by trading his personal funds.

  c. SCRONIC represented to investors that the Fund invested in options and managed risk by holding the majority of its assets in cash.

  d. SCRONIC represented to most investors that his annual fee for acting as the Fund's investment advisor would be a maximum of 1% of the total amount invested in the Fund and 20% of the Fund's annual profits.

  e. Over time, SCRONIC added the proceeds of a loan he received from G.Y. to the Fund in order to increase the Fund's assets. SCRONIC told G.Y. he intended to invest the loan proceeds in the Fund when G.Y. lent the money to SCRONIC.

  f. SCRONIC received more than $24.5 million over time from approximately 45 investors in the Fund and G.Y. combined, often by wire transfers in interstate and foreign commerce to his personal bank accounts.

  g. SCRONIC represented to the Fund's investors that the Fund had achieved an average return of more than six percent in each quarter since inception. He also provided the Fund's investors with account statements that together, as of

June 30, 2017, showed that the investors had a total of more than $24 million in the Fund, not including G.Y.'s loan proceeds.

**THE SCHEME TO DEFRAUD**

2. From in or about 2010 to in or about October 2017, MICHAEL SCRONIC, the defendant, engaged in a scheme to defraud the Fund's investors by misrepresenting the Fund's performance and by using investor funds for his personal benefit.

3. When MICHAEL SCRONIC, the defendant, told investors about his experience as a trader at the investment bank and his experience trading with his personal funds, he omitted the material facts that he had lost millions of dollars while trading with the investment bank's funds and, thereafter, while trading with his personal funds.

4. The Fund achieved a positive return before commissions only in its first quarter of operation in 2010. By June 30, 2017, it had net trading losses of approximately $15.7 million before commissions. Despite this negative performance, MICHAEL SCRONIC, the defendant, reported to investors positive returns in the vast majority quarters, with the highest false return being 13.4% in the fourth quarter of 2014. SCRONIC also made false representations about the Fund's performance to G.Y.

to renegotiate the loan's payment terms and to increase the size of the loan.

5. MICHAEL SCRONIC, the defendant, misappropriated money from the Fund in amounts exceeding the amounts to which he would have been entitled to receive in fees. From January 2012 through August 2017, SCRONIC's personal expenditures exceeded $2.9 million, or more than $500,000 per year. SCRONIC paid the vast majority of these expenses with money he misappropriated from the Fund. SCRONIC did not tell the Fund's investors that he had misappropriated money from the Fund.

6. From in or about 2010 to in or about October 2017, in the Southern District of New York and elsewhere, MICHAEL SCRONIC, the defendant, knowingly and willfully, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of shares of the Scronic Macro Fund, manipulative and deceptive devices and contrivances contrary to Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the

statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers of shares of the Scronic Macro Fund.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18, United States Code, Section 2)

## COUNT TWO

### (Wire Fraud)

The Grand Jury further charges:

7. The allegations set forth in paragraphs 1 through 5 are repeated and realleged as if set forth fully herein.

8. From in or about 2010 to in or about October 2017, in the Southern District of New York and elsewhere, MICHAEL SCRONIC, the defendant, knowingly and willfully, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, to wit, SCRONIC made material

misrepresentations and omitted material facts regarding the Scronic Macro Fund to investors, solicited and received funds from investors and misappropriated money from the Scronic Macro Fund for his personal use through emails and wire transfers.

(Title 18, United States Code, Sections 1343 and 2)

## COUNT THREE

### (Mail Fraud)

The Grand Jury further charges:

9. The allegations set forth in paragraphs 1 through 5 are repeated and realleged as if set forth fully herein.

10. From in or about 2010 to in or about October 2017, in the Southern District of New York and elsewhere, MICHAEL SCRONIC, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, and attempting to do so, knowingly placed in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service, and deposited and caused to be deposited a matter and thing to be sent and delivered by private and commercial interstate carriers, and took and received therefrom such matter and thing

and knowingly caused to be delivered by mail and such carriers according to the direction thereon, such matter and thing, to wit, SCRONIC made material misrepresentations and omitted material facts regarding the Scronic Macro Fund to investors, solicited and received funds from investors through the mail and commercial interstate carriers and misappropriated money from the Scronic Macro Fund for his personal use.

(Title 18, United States Code, Sections 1341 and 2)

## FORFEITURE ALLEGATION

11. As the result of committing one or more of the offenses charged in Counts One through Three of this Indictment, MICHAEL SCRONIC, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to the following:

    a. a sum of United States currency equal to at least $22,771,176, in that such a sum represents property constituting or derived from proceeds traceable to the offenses charged in Counts One through Three of this Indictment;

b. all right, title and interest of the defendant in all that lot or parcel of land, together with its buildings, appurtances, improvements, fixtures, attachments and easements, located at Unit 1D, Stratton Springs Condominium, Stratton Springs Road, Stratton, Vermont; and

c. all right, title and interest of the defendant in all that lot or parcel of land, together with its buildings, appurtances, improvements, fixtures, attachments and easements, designated as Lot 18 on Map No. 7829B, filed in the Office of the County Clerk of Dutchess County, Division of Land Records, on June 17, 1996, also known as Rear Lot 1B, DiPietro Lane, Pawling, New York.

Substitute Asset Provision

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

_____     _____
FOREPERSON                         GEOFFREY S. BERMAN
                                   United States Attorney

United States District Court

SOUTHERN DISTRICT OF NEW YORK

# THE UNITED STATES OF AMERICA

v.

MICHAEL SCRONIC,

Defendant.


# INDICTMENT

18 Cr. _____


(In violation of Title 15, United States Code, Sections 78j(b) &
78ff; Title 18, United States Code, Sections 1341, 1343 and 2)


GEOFFREY S. BERMAN
_____
United States Attorney


# A TRUE BILL

_____
Foreperson