UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                           :

UNITED STATES OF AMERICA      :

         - v. -             :

MICHAEL SCRONIC,            :

               Defendant.    :

- - - - - - - - - - - - - - - - X

|  |  |
|---|---|
| | CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/MONEY JUDGMENT |
| | 18 Cr. 43 (CS) |

WHEREAS, on or about January 22, 2018, MICHAEL SCRONIC, (the "Defendant") was charged in an Indictment, 18 Cr. 43 (CS) (the "Indictment"), with one count of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5 ("Count One"); one count of wire fraud, in violation of Title 18, United States Code, Section 1343; and one count of mail fraud, in violation of Title 18, United States Code, Section 1341;

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Counts One through Three, including but not limited to the following:

    a.    a sum of United States currency equal to at least $22,771,176;

    b.    all right, title and interest of the defendant in all that lot or parcel of land, together with its buildings, appurtances, improvements, fixtures, attachments and easements, located at Unit 1D, Stratton Springs Condominium, Stratton Springs Road, Stratton, Vermont; and

    c.    all right, title and interest of the defendant in all that lot or parcel of land, together with its buildings, appurtances, improvements, fixtures, attachments and easements, designated as Lot 18 on Map No. 7829B, filed in the Office of the County Clerk of Dutchess County, Division of Land Records, on June 17, 1996, also known as Rear Lot 1B, DiPietro Lane, Pawling, New York

(b and c, together, the "Subject Property);

WHEREAS, on or about March 15, 2018, the Defendant pleaded guilty to Count One of the Indictment; and

WHEREAS, the defendant consents to entry of a money judgment in the amount of $22,771,176 in United States currency representing property that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Indictment;

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in the Subject Property;

WHEREAS, the defendant agrees that the Subject Property is forfeitable to the United States because the Subject Property constitutes or is derived from proceeds traceable to

2

the commission of the offense charged in Count One of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to seize and maintain the Subject Property in its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney James McMahon, of counsel, and the defendant and his counsel, Susanne Brody, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $22,771,176 in United States currency shall be entered against the defendant.

2.    As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.  The defendant agrees that he

3

will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Subject Property and will not assist anyone else in doing so.  Upon the entry of a Final Order of Forfeiture forfeiting the Subject Property to the United States, the Subject Property shall be applied towards the satisfaction of the Money Judgment.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Order, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

5.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on

4

the Money Judgment in the Assets Forfeiture Fund, and the United

States shall have clear title to such forfeited property.

6.    Upon entry of this·Consent Preliminary Order of

Forfeiture as to Specific Property/Money Judgment, the United

States Marshals Service (or its designee) is authorized to seize

the Subject Property and hold the Subject Property in its secure

custody and control.

7.    Pursuant to Title 21, United States Code, Section

853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal

Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions, the United States shall publish for at least

thirty (30) consecutive days on the official government internet

forfeiture site, www.forfeiture.gov, notice of this Consent

Preliminary Order of Forfeiture as to Specific Property/Money

Judgment.  Any person, other than the defendant in this case,

claiming an interest in the Subject Property must file a

petition within sixty (60) days from the first day of

publication of the notice on this official government internet

site, or no later than thirty-five (35) days from the mailing of

the actual notice, whichever is earlier.

8.    Pursuant to Rule 32.2(b)(6)(A) of the Federal

Rules of Criminal Procedure, the Government shall send notice to

any person who reasonably appears to be a potential claimant

5

with standing to contest the forfeiture in the ancillary proceeding.

9. The notice referenced in the preceding paragraphs shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to Title 21, United States Code, Section 853(n) and rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it if necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the

United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13.   The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

14.   The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____     __3/15/18_____
    James McMahon                  Date
    Assistant United States Attorney


MICHAEL SCRONIC

By: _____     __3/15/18_____
    Michael Scronic                Date


By: _____     __3/15/18_____
    Suzanne Brody, Esq.            Date
    Counsel to Michael Scronic


SO ORDERED:

_____          __3/15/18_____
HONORABLE CATHY SEIBEL             Date
UNITED STATES DISTRICT JUDGE

8